UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEPHTY CRUZ and MICHAEL BALLETTO, as TRUSTEES OF THE DISTRICT 6 INTERNATIONAL UNION OF INDUSTRIAL, SERVICE, TRANSPORT AND HEALTH EMPLOYEES HEALTH PLAN and THE DISTRICT 6 INTERNATIONAL UNION OF INDUSTRIAL, SERVICE, TRANSPORT AND HEALTH EMPLOYEES PENSION PLAN,

Plaintiffs,

-against-

US HEALTH CLEAN,

Defendant.

JUDGE SWAIN

 07 CIV 6392

COMPLAINT



Plaintiffs, by and through their attorneys, Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC, as and for their complaint, respectfully allege as follows:

**NATURE OF THE ACTION**

1.  This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act (1974), as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), and Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185 ("Taft-Hartley Act"), by multiemployer health and pension benefit funds through their respective Boards of Trustees, for injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and/or reports to the Plans. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and reports to the Plans, Defendant violated its collective bargaining agreements

with the Union and the respective trust agreements with the Health and Pension Plans, as well as committed violations of ERISA.

## JURISDICTION

2. This Court has federal question jurisdiction over this action pursuant to 29 U.S.C. § 1331, 29 U.S.C. § 185 and 29 U.S.C. § 1132(e)(1). Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 29 U.S.C. § 185(a).

## THE PARTIES

3. Nephty Cruz and Michael Balletto are the Trustees of the District 6 International Union of Industrial, Service, Transport and Health Employees Heath Plan, a multi-employer labor-management trust fund, organized and operated pursuant to a collective bargaining agreement in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The District 6 International Union of Industrial, Service, Transport and Health Employees Heath Plan (the "Health Plan") is an employee benefit plan within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(1), (2), (3), and 1132(d)(1), and multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA, 29 U.S.C. §§ 1002(37) and 1145. The Health Plan is administered at 730 Broadway, New York, New York 10003.

4. Nephty Cruz and Michael Balletto are the Trustees of the District 6 International Union of Industrial, Service, Transport and Health Employees Pension Plan, a multi-employer labor-management trust fund, organized and operated pursuant to a collective bargaining agreement in accordance with Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. § 186(c)(5). The District 6 International Union of Industrial, Service, Transport and Health Employees Pension Plan (the "Pension Plan") is an employee benefit plan within the meaning of Sections

3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(37) and 1145. The Pension Plan is administered at 730 Broadway, New York, New York 10003.

5. Upon information and belief, at all times relevant hereto, Defendant US Health Clean was and is a corporation doing business in the State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. Upon information and belief, Defendant US Health Clean is a foreign corporation authorized to do business in New York and maintains its principal place of business at 275 Madison Avenue, Sixth Floor, New York, New York 10016.

## BACKGROUND

6. The Plaintiff Plans collectively provide health and pension benefits to members of District 6 International Union of Industrial, Service, Transport and Health Employees (the "Union").

7. Defendant US Health Clean is signatory to the Collective Bargaining Agreement with the Union establishing the terms and conditions of employment for Defendant's employees performing work covered by the Collective Bargaining Agreement within the geographical jurisdiction of the Union.

8. Pursuant to the Collective Bargaining Agreement, Defendant US Health Clean agreed to pay to the Plaintiff Health and Pension Plans benefit contributions and to forward dues checkoffs to the Union for each hour worked by employees covered by the Collective Bargaining Agreement.

9. Upon information and belief, at all relevant times, Defendant US Health Clean employed certain employees covered under the Collective Bargaining Agreement.

10. By order, dated May 3, 2007 and filed on May 9, 2007 with the United States District Court for the Southern District of New York, a default judgment was entered in favor of Plaintiffs Health and Pension Plans and their designated representatives in the conduct of an audit of Defendant US Health Clean's books and records for the period from January 1, 2001 to the present and to be conducted within thirty (30) days from the date of the default judgment. Further, the order required US Health Clean to pay the sum of $5,500.00 for delinquent contributions owed for June 2006, plus interest in the sum of $293.84, liquidated damages in the sum of $1,100.00, attorneys' fees in the sum of $693.61 and a court fee in the sum of $44.75, amounting in all to the sum of $2,132.20, plus interest.

11. By letter, dated May 30, 2007 to US Health Clean, Plaintiffs demanded audit access in accordance with the default judgment order.

12. As of July 10, 2007, Defendant US Health Clean failed to respond to Plaintiff Plans' demand letter, dated May 30, 2007.

13. Since entry of the default judgment, Defendant US Health Clean is delinquent in payment of required health and/or pension benefit contributions to the Plaintiff Health and Pension Plans for the period from November 2006 to present.

14. Defendant US Health Clean has not fulfilled its statutory and contractual obligations to pay the required health and/or pension benefit contributions to the Plaintiff Health and Pension Plans on behalf of employees who perform work covered by the Collective Bargaining Agreement and to cooperate in the performance of audits.

## FIRST CLAIM FOR RELIEF

15. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 14 hereof.

16. As a result of work performed by individual employees of Defendant US Health Clean, pursuant to the Collective Bargaining Agreement, there became due and owing to the Plaintiff Health and Pension Plans from Defendant US Health Clean benefit contributions in an unknown amount for the period from November 2006 through the present, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%) of the amount owing, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

17. No part of the benefit contributions contractually due the Plaintiff Health and Pension Plans has been paid by Defendant US Health Clean, and the Health and Pension Plans have been damaged in an unknown amount.

18. Defendant US Health Clean's failure to make the required contributions to the Plaintiff Health and Pension Plans constitutes a violation of the Collective Bargaining Agreement.

19. Accordingly, Defendant US Health Clean is liable to the Plaintiff Health and Pension Plans as and for benefit contributions in an unknown amount for the period November 2006 through the present, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%) of the amount owing, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

## SECOND CLAIM FOR RELIEF

20. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 19 hereof.

21. Section 515 of ERISA, 29 U.S.C. § 1145, requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

22. Upon information and belief, Defendant US Health Clean, by the terms of the Collective Bargaining Agreement, failed to pay and submit the required monetary contributions in an unknown amount for the period from November 2006 to the present and reports to the Plaintiff Health and Pension Plans due as a result of work performed by individual employees of Defendant US Health Clean for the period from November 2006 to the present. Such failure to make payment and submit reports constitutes a violation of Section 515 of ERISA, 29 U.S.C. § 1145.

23. Section 502 of ERISA, 29 U.S.C. § 1132, provides that, upon a finding of an employer violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to a plaintiff fund the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiff fund's plan or, if none, as set forth in the United States Internal Revenue Code, 26 U.S.C. § 6621, together with reasonable attorneys' fees and costs and disbursements incurred in the action.

24. Accordingly, Defendant US Health Clean is liable to the Plaintiff Health and Pension Plans for the payment and submission of the required monetary contributions in an unknown amount for the period from November 2006 to the present and reports to the Health and Pension Plans as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

### THIRD CLAIM FOR RELIEF

25. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 24 hereof.

26. As a result of work performed by individual employees of Defendant US Health Clean, pursuant to the Collective Bargaining Agreement, there became due and owing to the Health and Pension Plans from Defendant US Health Clean benefit contributions in an unknown amount to be determined by a court-ordered audit for the period January 2001 through the present, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%) of the amount owing, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

27. Defendant US Health Clean's failure to permit and cooperate in the conduct of an audit by the Health and Pension Plans constitutes a violation of the Collective Bargaining Agreement.

28. Accordingly, Defendant US Health Clean is liable to the Plaintiff Health and Pension Plans as and for benefit contributions in an unknown amount to be determined by a court-ordered audit for the period January 2001 through the present, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%) of the amount owing, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures.

### FOURTH CLAIM FOR RELIEF

29. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 28 hereof.

30. Pursuant to the terms and conditions of the Collective Bargaining Agreement, Defendant US Health Clean is required, *inter alia*, to permit and cooperate with the Health and Pension Plans and their designated representatives in the conduct of an audit of Defendant US Health Clean's books and records for the period January 2001 through the present, including, but

not limited to, all time books, payroll and wage records of the Employer for the purpose of ascertaining the amount of benefit contributions due the Health and Pension Plans from Defendant US Health Clean, and verifying the accuracy of the employer contribution reports filed by Defendant US Health Clean.

31. Accordingly, pursuant to the terms and conditions of the Collective Bargaining Agreement, the Health and Pension Plans demand an order directing Defendant US Health Clean to permit and cooperate with the Health and Pension Plans and their designated representatives in the conduct of an audit of US Health Clean's books and records for the period January 2001 through the present.

### FIFTH CLAIM FOR RELIEF

32. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 31 hereof.

33. Pursuant to the Contribution Collection and Payroll Audit Policy adopted by the Trustees of the Health and Pension Plans, Defendant US Health Clean is obligated, *inter alia*, to pay the costs of the audit of their books and records if Defendant US Health Clean is found to owe delinquent contributions in excess of $500, or in the event that the employer refuses, resists or impedes any payroll audit by the Fund.

34. Upon information and belief, Defendant US Health Clean refused, resisted and/or impeded a payroll audit by the Plaintiff Health and Pension Plans.

35. Accordingly, Defendant US Health Clean is liable to the Plaintiff Health and Pension Plans as and for the cost of the audit, plus the reasonable costs and attorneys' fees incurred in bringing this action.

## SIXTH CLAIM FOR RELIEF

36. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 35 hereof.

37. Pursuant to the terms and conditions of the Collective Bargaining Agreement, Defendant US Health Clean is required to permit and cooperate in the conduct of audit of Defendant US Health Clean's books and records for so long as Defendant remains obligated to do so pursuant to the Collective Bargaining Agreement.

38. Upon information and belief, Defendant US Health Clean has failed to permit and cooperate in the conduct of an audit of US Health Clean's books and records, and is currently in breach of its obligations under the Collective Bargaining Agreement. Defendant's prior conduct demonstrates a significant likelihood that it will continue to breach the terms of the Collective Bargaining Agreement.

39. Plaintiffs have no adequate remedy at law to insure that Defendant US Health Clean will adhere to the terms of the Collective Bargaining Agreement.

40. Plaintiff Health and Pension Plans will suffer immediate and irreparable injury unless Defendant US Health Clean and its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to permit and cooperate in the conduct of audits for so long as Defendant remains obligated to do so pursuant to the Collective Bargaining Agreement.

41. Accordingly, Plaintiff Health and Pension Plans request that this Court issue an injunction permanently enjoining Defendant US Health Clean, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to permit and cooperate in the conduct of audits for the term of the Collective Bargaining Agreement.

**WHEREFORE,**

(1)   Plaintiff Health and Pension Plans demands judgment on their First Claim for Relief against US Health Clean as and for benefit contributions in an unknown amount for the period from November 2006 to the present, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%) of the amount owing, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures;

(2)   Plaintiff Health and Pension Plans demands judgment on their First Claim for Relief against US Health Clean as and for benefit contributions in an unknown amount for the period from November 2006 to the present, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%) of the amount owing, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures;

(3)   Plaintiff Health and Pension Plans demands judgment on their Third Claim for Relief against US Health Clean as and for benefit contributions in an unknown amount to be determined by a court-ordered audit for the period January 2001 through the present, plus interest calculated at ten percent (10%) per annum, liquidated damages calculated at twenty percent (20%) of the amount owing, reasonable attorneys' fees and other expenses incurred in connection with the auditing and collection procedures;

(4)   Plaintiff Health and Pension Plans demand judgment on their Fourth Claim for Relief for an order directing Defendant US Health Clean to permit and cooperate with the Health and Pension Plans and their designated representatives in the conduct of an audit of US Health Clean's books and records for the period January 2001 through the present;

(5) Plaintiff Health and Pension Plans demand judgment on their Fifth Claim for Relief against US Health Clean as and for the cost of the audit, plus the reasonable costs and attorneys' fees incurred in bringing this action; and

(6) Plaintiff Health and Pension Plans demand judgment on their Sixth Claim for Relief against US Health Clean permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with it who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to permit and cooperate in the conduct of audits for the term of the Collective Bargaining Agreements.

Dated: New York, New York
      July 11, 2007

                                                       BARNES, IACCARINO, VIRGINIA,
                                                       AMBINDER & SHEPHERD, PLLC

By: _____
     Charles R. Virginia, Esq. (CV 8214)
     111 Broadway, Suite 1403
     New York, New York 10006
     Office Tel. No.: (212) 943-9080
     *Attorneys for Plaintiffs*

U:\Winword Documents\District 6 Benefit Funds\Collections\US Health Clean\2007 Pleadings\July, 2007 Complaint.FINAL.doc