UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
NEPHTY CRUZ and MICHAEL BALLETTO, as
TRUSTEES OF THE DISTRICT 6 INTERNATIONAL
UNION OF INDUSTRIAL, SERVICE, TRANSPORT
AND HEALTH EMPLOYEES HEALTH PLAN and        07 CV 6392 (LTS)
THE DISTRICT 6 INTERNATIONAL UNION OF
INDUSTRIAL, SERVICE, TRANSPORT AND
HEALTH EMPLOYEES PENSION PLAN,              **DEFENDANT'S ANSWER AND**
                                            **AFFIRMATIVE DEFENSES**

                              Plaintiffs,

           – against –

US HEALTH CLEAN,

                              Defendant.
----------------------------------------x

   Defendant United States Health Clean Corporation d/b/a US Health Clean, by its attorneys, for its answer to Plaintiffs' Complaint, states as follows:

## NATURE OF THE ACTION

   1.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and objects to those allegations therein that set forth conclusions of law.

## JURISDICTION

   2.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, except admits that jurisdiction is purportedly invoked pursuant to the cited statutes.

NY:2084055v1

## THE PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and objects to those allegations therein that set forth conclusions of law.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, and objects to those allegations therein that set forth conclusions of law.

5. Defendant denies the allegations contained in paragraph 5 of the Complaint, and objects to those allegations therein that set forth conclusions of law, except admits that Defendant is a foreign corporation authorized to do business in New York.

## BACKGROUND

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint, and respectively refers the Court to the collective bargaining agreement for its terms, except admits that since May or June of 2005, Defendant was signatory to a collective bargaining agreement with District 6 covering certain of Defendant's employees who performed certain jobs.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint, and respectively refers the Court to the collective bargaining agreement for its terms.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and respectively refers the Court to the collective bargaining agreement for its terms.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint, excluding the words "owed for June 2006", which do not appear in the Court's order dated May 3, 2007 and filed on May 9, 2007.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and respectively refers the Court to the May 30, 2007 letter for its terms.

12. Defendant denies the allegations of paragraph 12 of the Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations of paragraph 14 of the Complaint.

### **FIRST CLAIM FOR RELIEF**

15. With respect to paragraph 15 of the Complaint, Defendant repeats and reiterates each and every denial and response heretofore made with regard to paragraphs 1 through 14 of the Complaint as though set forth in full herein.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

## SECOND CLAIM FOR RELIEF

20. With respect to paragraph 20 of the Complaint, Defendant repeats and reiterates each and every denial and response heretofore made with regard to paragraphs 1 through 19 of the Complaint as though set forth in full herein.

21. Paragraph 21 of the Complaint sets forth a conclusion of law to which Defendant is not required to plead.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and objects to those allegations therein that set forth conclusions of law.

23. Paragraph 23 of the Complaint sets forth conclusions of law to which Defendant is not required to plead.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and objects to those allegations therein that set forth conclusions of law.

## THIRD CLAIM FOR RELIEF

25. With respect to paragraph 25 of the Complaint, Defendant repeats and reiterates each and every denial and response heretofore made with regard to paragraphs 1 through 24 of the Complaint as though set forth in full herein.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and objects to those allegations therein that set forth conclusions of law.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, and objects to those allegations therein that set forth conclusions of law.

## FOURTH CLAIM FOR RELIEF

29. With respect to paragraph 29 of the Complaint, Defendant repeats and reiterates each and every denial and response heretofore made with regard to paragraphs 1 through 28 of the Complaint as though set forth in full herein.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint.

## FIFTH CLAIM FOR RELIEF

32. With respect to paragraph 32 of the Complaint, Defendant repeats and reiterates each and every denial and response heretofore made with regard to paragraphs 1 through 31 of the Complaint as though set forth in full herein.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, and objects to those allegations therein that set forth conclusions of law.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

## SIXTH CLAIM FOR RELIEF

36. With respect to paragraph 36 of the Complaint, Defendant repeats and reiterates each and every denial and response heretofore made with regard to paragraphs 1 through 35 of the Complaint as though set forth in full herein.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint.

42. Defendant denies that Plaintiffs are entitled to any of the relief they seek in the "Wherefore" clauses of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

43. The Complaint fails to state a claim and/or fails to allege the necessary elements, requirements, and/or prior procedures and conditions necessary for such claims.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

44. Some or all of the claims in the Complaint are barred by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

45. Defendants do not owe contributions to Plaintiffs as alleged in the Complaint.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

46. Plaintiffs' claims are barred by the doctrine of laches.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

47. Plaintiffs' claims are barred by the doctrine of estoppel.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

48. Plaintiffs' claims are barred by the doctrine of unclean hands.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

49. Plaintiffs' claims are barred by the doctrine of waiver.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

50. The Court lacks subject matter jurisdiction.

WHEREFORE, Defendant respectfully requests that the Court: (1) dismiss the Complaint in its entirety, <u>with prejudice</u>; (2) award Defendant its costs and expenses in defending this action, including their reasonable attorneys fees; and (3) award Defendant such other further relief that the Court deems just and appropriate.

Dated: September 21, 2007

                                           EPSTEIN BECKER & GREEN, P.C.

                                           By: _/s/ David J. Clark_____
                                                David J. Clark
                                                250 Park Avenue
                                                New York, New York 10177-0077
                                                (212) 351-4500
                                                _dclark@ebglaw.com_

                                           Attorneys for Defendant

To:     Charles R. Virginia, Esq.
         Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC
         111 Broadway, Suite 1403
         New York, New York 10006
         (212) 943-9080

         Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I, David J. Clark, an attorney admitted to practice before this court, hereby certify, under penalty of perjury, that on September 21, 2007, I caused a true copy of the attached Answer and Affirmative Defenses to be served by first class mail upon:

Charles R. Virginia, Esq.
Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC
111 Broadway, Suite 1403
New York, New York 10006

*David J. Clark*
DAVID J. CLARK