UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEPHTY CRUZ and MICHAEL BALLETTO, as TRUSTEES OF THE DISTRICT 6 INTERNATIONAL UNION OF INDUSTRIAL, SERVICE, TRANSPORT AND HEALTH EMPLOYEES HEALTH PLAN and THE DISTRICT 6 INTERNATIONAL UNION OF INDUSTRIAL, SERVICE, TRANSPORT AND HEALTH EMPLOYEES PENSION PLAN, | 07 Civ. 6392 (LTS) |
| Plaintiffs, | **PRELIMINARY PRE-TRIAL STATEMENT** |
| -against- | |
| US HEALTH CLEAN, | |
| Defendant. | |

Plaintiffs Nephty Cruz and Michael Balletto, as Trustees of the District 6 International

Union of Industrial, Service, Transport and Health Employees Health Plan and the District 6

International Union of Industrial, Service, Transport and Health Employee Pension Plan, by their

attorneys, Barnes, Iaccarino, Virginia, Ambinder & Shepherd, P.L.L.C., and Defendant U.S.

Health Clean, by its attorneys, Epstein Becker & Green, P.C., hereby submit their joint

Preliminary Pre-Trial Statement pursuant to this Court's initial conference order, dated July 20,

2007:

    a.  Statement of the nature of this action:

        This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the

Employee Retirement Income Security Act of 1974 ("ERISA"), *as amended*, 29 U.S.C. §

1001, *et seq.*, and Section 301 of the Labor-Management Relations Act of 1947 ("Taft-

Hartley Act"), 29 U.S.C. § 185, by multiemployer health and pension benefit plans

through their respective trustees for injunctive and other equitable relief under ERISA

and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and/or reports to the Plans in accordance with the Taft-Hartley Act.

b.   <u>Plaintiffs' statement as to jurisdiction:</u>

This Court has federal question jurisdiction over this action pursuant to 29 U.S.C. §§ 1132(e)(1) and 1331 and 29 U.S.C. § 185.   Citizenship, diversity and jurisdictional amounts are not at issue.

<u>Defendant's statement as to jurisdiction:</u>

Defendant does not dispute the basis of the Court's jurisdiction set forth in the Complaint.

c.   <u>Material uncontested or admitted facts:</u>

(i)      The Plaintiff Trustees, Nephty Cruz and Michael Balletto, commenced this action on behalf of the District 6 Health Plan and the District 6 Pension Plan. (Plaintiffs' Complaint, ¶ 3).

(ii)     Defendant U.S. HealthClean is a foreign corporation authorized to do business in the State of New York.   (Plaintiffs' Complaint, ¶ 5; Defendant's Answer, ¶ 5).

(iii)    Defendant US HealthClean was and is signatory to a Collective Bargaining Agreement with the District 6 International Union of Industrial, Service, Transport and Health Employees (the "Union") covering certain of Defendant's employees who performed certain jobs. (Plaintiffs' Complaint, ¶ 7; Defendant's Answer, ¶ 7).

(iv)   The Plaintiff Plans collectively provide health and pension benefits to members of the Union. (Plaintiffs' Complaint, ¶ 6).

(v)    By order, dated May 3, 2007 and filed on May 9, 2007 with the United States District Court for the Southern District of New York (the "May 2007 Order and Judgment"), a default judgment was entered in favor of the District 6 Health and District 6 Pension Plan. (Plaintiffs' Complaint, ¶ 10; Defendant's Answer, ¶ 10).

(vi)   The May 2007 Order and Judgment required US HealthClean to pay the sum of $5,500.00 for delinquent contributions, plus interest in the sum of $293.84, liquidated damages in the sum of $1,100.00, attorneys' fees in the sum of $693.61 and a court fee in the sum of $44.75, amounting in all to the sum of $2,132.20, plus interest. (Plaintiffs' Complaint, ¶ 10; Defendant's Answer, ¶ 10).

(vii)  The May 2007 Order and Judgment required U.S. HealthClean to submit to the conduct of an audit of its books and records for the period from January 1, 2001 to the present and to be conducted within thirty (30) days from the date of the default judgment. (Plaintiffs' Complaint, ¶ 10; Defendant's Answer, ¶ 10).

(viii) Defendant U.S. HealthClean submitted to a payroll audit covering the period from January 1, 2006 to March 31, 2007.

(ix)   In September 2007, audit findings were issued against U.S. HealthClean in the total amount of $70,036.33 for the period from January 1, 2006 to March 31, 2007.

      (x)     In September 2007, the audit findings were sent to counsel for Defendant U.S. HealthClean.

d.  <u>Uncontested legal issues</u>:

      (i)     Jurisdiction pursuant to 29 U.S.C. §§ 1132(e)(1) and 1331 and 29 U.S.C. § 185 and venue pursuant to 29 U.S.C. § 1132(e)(2) and 29 U.S.C. § 185(a) are uncontested. (Plaintiffs' Complaint, ¶ 2; Defendant's Answer, ¶ 2).

      (ii)    Defendant is subject to ERISA and the Taft-Hartley Act based on its status as a covered employer under the Collective Bargaining Agreement. (Plaintiffs' Complaint, ¶ 7; Defendant's Answer, ¶ 7).

e.  <u>Legal issues to be decided by the Court</u>:

      (i)     Whether Defendant U.S. HealthClean, which is a signatory to and a covered employer under a Collective Bargaining Agreement with the Union and has employees who perform covered work under the Collective Bargaining Agreement, has: (a) not fulfilled statutory and contractual obligations under ERISA and the Taft-Hartley Act to pay the required health and pension employee fringe benefit contributions to the District 6 Health Plan and District 6 Pension Plan on behalf of employees who perform work covered by the Collective Bargaining Agreement; and (b) failed to cooperate in the performance of an audit of its books and records.

      (ii)    Whether Defendant U.S. HealthClean is liable to the District 6 Health Plan and District 6 Pension Plan for the May 2007 Order and Judgment awarded in favor of the Plans and against Defendant in the amount of $5,500.00 for delinquent contributions, plus interest in the sum of

$293.84, liquidated damages in the sum of $1,100.00, attorneys' fees in the sum of $693.61, and court fees in the sum of $44.75, plus interest accrued.

(iii)     Whether Defendant U.S. HealthClean's allegation of a purported settlement with the Union and any payments claimed to be made to the Union pursuant to the purported settlement, can be credited to Defendant's debt owed to the District 6 Health Plan.

f.   Plaintiffs' Statement of Material Disputed Facts:

(i)     Whether the total deficiency assessed against U.S. HealthClean under the audit in the amount of $70,036.33 was erroneous.

(ii)     Whether, as alleged by Defendant U.S. HealthClean, Defendant entered into a settlement agreement with the Union, which acted on behalf of the District 6 Health Plan, for the amounts owed to the Plan under the Collective Bargaining Agreement and the May 2007 Order and Judgment.

(iii)     Whether the Union's unauthorized actions on behalf of the District 6 Health Plan in a purported settlement with Defendant U.S. HealthClean legally binds the District 6 Health Plan to the settlement.

Defendant's Statement of Material Disputed Facts:

After conducting an audit of Defendant's business records in late summer 2007, Plaintiffs' auditors stated in a letter dated September 24, 2007 that Defendant's payments to Plaintiffs pursuant to the Collective Bargaining Agreement were deficient in the amount of $70,036.33.

At least three employees seem to have been incorrectly taken into account in the audit. Harold Gomez' employment with US HealthClean was terminated on August 4, 2006. Jeffrey Alvear was a supervisor for whom no employer contributions were required to be made. Neda Isaza did not work at sites where US HealthClean performed work for New York Hotel Trades/Hotel Association of NYC Health Centers.

Second, pursuant to at least two settlement agreements, Defendant was led to believe by William Perry, President of the District 6 Union, that substantial funds paid to District 6 were in satisfaction of amounts owed to the District 6 Health Fund, *i.e.*, the Plaintiff herein.

    g.   The legal bases of Plaintiffs' causes of action:

        (i)    First Claim of Action: Defendant's breach of a collective bargaining agreement under Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, for failure to pay fringe benefit contributions in accordance with the terms and conditions of the collective bargaining agreement.

        (ii)    Second Claim for Relief: Defendant's failure to pay benefit contributions in accordance with the terms and conditions of a collective bargaining agreements Section 515 of ERISA, 29 U.S.C. § 1145.

        (iii)    Third Claim for Relief: Defendant's breach of a collective bargaining agreement under Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, for failure to pay unknown amounts pursuant to a court-ordered audit in accordance with the terms and conditions of the collective bargaining agreement.

        (iv)    Fourth Claim for Relief: Defendant's breach of a collective bargaining agreement under Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, for

failure to submit to an audit of its books and records in accordance with the terms and conditions of the collective bargaining agreement.

(v)    Fifth Claim for Relief: Defendant's obligation to pay audit costs, attorneys' fees and costs resulting from its breach of a collective bargaining agreement under Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, for failure to submit to an audit of its books and records in accordance with the terms and conditions of the collective bargaining agreement.

(vi)    Sixth Claim for Relief: Plaintiffs' request for an injunction permanently enjoining Defendant US HealthClean, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to permit and cooperate in the conduct of audits for the term of the Collective Bargaining Agreement pursuant to Rule 65 of the Federal Rules of Civil Procedure.

h.  Plaintiffs' statement of the legal bases of each defense asserted or expected to be asserted:

Not applicable to Plaintiffs.

Defendant's statement of the legal bases of each defense asserted or expected to be asserted:

Defendant's legal bases for its defenses are simple. In some cases, such as for the three employees named above, it was not required under the Collective Bargaining Agreement to make the payments that Plaintiff claims are due. In addition, Defendant

paid a substantial amount of money to William Perry, President of District 6, in the belief that such payments were in settlement of certain amounts owed to Plaintiff, and Plaintiff should be estopped from collecting those amounts from Defendant.

i. <u>Statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense</u>:

    (i)    First Claim of Relief:  The measure of proof is preponderance of the evidence.  Plaintiff has the burden of proof.

    (ii)    Second Claim of Relief:  The measure of proof is preponderance of the evidence.  Plaintiff has the burden of proof.

    (iii)    Third Claim of Relief:  The measure of proof is preponderance of the evidence.  Plaintiff has the burden of proof.

    (iv)    Fourth Claim of Relief:  The measure of proof is preponderance of the evidence.  Plaintiff has the burden of proof.

    (v)    Fifth Claim of Relief:  The measure of proof is preponderance of the evidence.  Plaintiff has the burden of proof.

    (vi)    Sixth Claim of Relief:  The measure of proof is clear and convincing evidence.  Plaintiff has the burden of proof.

j. The parties reserve the right to amend the pleadings and/or add or substitute parties in this action.  The parties propose January 31, 2008 as the deadline for amendment to the pleadings and/or add or substitute parties in this action.

k. Plaintiffs do not consent to transfer of this action to a magistrate judge.  Defendant does consent to transfer of this action to a magistrate judge.

l. Plaintiffs served their Fed.F.Civ.P. 26(a)(1) disclosures on November 7, 2007. Defendant served its Fed.R.Civ.P. 26(a)(1) disclosures on November 13, 2007. No changes should be made in the timing, form or requirements for disclosures under Fed.R.Civ.P. 26(a)(1).

m. <u>Subjects of disclosure include</u>:

      (i)    The terms and conditions of the Collective Bargaining Agreement and the Defendant's obligations thereunder;

      (ii)    Defendant's liability under the Collective Bargaining Agreement and pursuant to the May 2007 Order and Judgment; and

      (iii)    The measure of damages resulting from Defendant's alleged breach of the Collective Bargaining Agreement.

      (iv)    The purported settlement by and between the Union and Defendant U.S. HealthClean.

n. Plaintiffs reserve the right to call its auditors as expert witnesses. Defendant reserves the right to designate and call its own expert witnesses. The parties propose May 26, 2008 as the deadline for expert discovery.

o. Plaintiffs do not propose any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of Court.

p. <u>Settlement Status</u>:

    Defendant U.S. HealthClean respectfully refers the Court to its statement set forth in paragraph (h), herein, regarding a purported settlement of certain amounts owed to Plaintiffs. If the issues regarding the purported settlement are resolved, the parties anticipate that they may be able to negotiate a settlement in good faith.

q.  Statement as to whether the case is to be tried before a jury and the number of trial

days expected to be needed for presentation of its case:

This case is not to be tried before a jury.  The parties anticipate three (3) days for

trial on the issues of liability and damages.

r.  The parties each reserve the right to seek a protective order under Fed.R.Civ.P. 26(c).

Further, the parties reserve their rights under Fed.R.Civ.P. 16(b) and (c).

Dated: New York, New York
       November 28, 2007

**BARNES, IACCARINO, VIRGINIA,**          **EPSTEIN BECKER &**
**AMBINDER & SHEPHERD, P.L.L.C.**          **GREEN, P.C.**


By: _____          By: _____
    Charles R. Virginia (CV 8214)          David J. Clark (DC 6770)
    *Attorneys for Plaintiffs*               *Attorneys for Defendant*
    Trinity Centre                          250 Park Avenue
    111 Broadway, Suite 1403                New York, New York 10177
    Office Tel. No.: (212) 943-9080         Office Tel. No.: (212) 351-4500

C:\Documents and Settings\dclark\Local Settings\Temporary Internet Files\OLK339\November 28 2007 Parties Joint Prelim Pre Trial Statement (2).DOC