UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

NEPHTY CRUZ et al.,

                Plaintiffs,

     -v-                                        No. 07 Civ. 6392 (LTS)(KNF)

US HEALTH CLEAN,

                Defendant.

--------------------------------------------------------x

### MEMORANDUM ORDER AND OPINION ADOPTING, IN PART, REPORT AND RECOMMENDATION

           Plaintiffs Nephty Cruz and Michael Balleto ("Plaintiffs"), as trustees of the District 6 International Union of Industrial, Service, Transport and Health Employees Health and Pension Plans ("the Plans"), brought this action against defendant US Health Clean ("Defendant"), seeking monetary damages and equitable relief, based upon Defendant's failure to make contributions to the Plans, as required by a collective bargaining agreement, the District 6 Health Plan Contribution Collection and Payroll Audit Policy, and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461. Defendant failed to timely appear in the action after its former counsel received permission to withdraw (docket entry no. 20), and Plaintiffs accordingly moved for a default judgment (docket entry no. 22). The Court granted Plaintiffs' motion for a default judgment (docket entry no. 23) and referred the case to Magistrate Judge Kevin Nathaniel Fox to conduct an inquest and to report and recommend the amount of damages, if any, to be awarded to Plaintiffs (docket entry no. 24). Judge Fox

conducted an inquest and provided the Court with a report and recommendation ("Report") (docket entry no. 31) and Plaintiffs timely filed a partial objection to the Report, pursuant to Federal Rule of Civil Procedure 72.  Defendant did not participate in the inquest or object to the Report.  The Court has considered the Report and the submissions thoroughly.

When reviewing the Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C.A. § 636(b)(1)(C) (West 2008).  The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.  United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).  When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error.  See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992).  Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review."  Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002).  Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal.  Camardo, 806 F. Supp. at 381-82.

The Report concludes that the Court should award Plaintiffs (i) $74,360.00, for unpaid contributions to the Plans, (ii) $10,746.17, for prejudgment interest on the unpaid contributions, (iii) $10,746.17, for statutory damages, and (iv) $350.00 for costs.  The Report also recommends that Plaintiffs' requests for attorney's fees and audit fees should be denied. Familiarity with the Report is assumed.

The Court has considered thoroughly the record herein, including the Plaintiffs' submissions, the Report, and Plaintiffs' objections.  Magistrate Judge Fox thoroughly analyzed Plaintiffs' inquest submission, provided Defendant adequate opportunity to make a submission, and correctly applied the applicable law.  The Court therefore concludes that the Report is devoid of clear error and adopts all of its recommendations that are not the subject of a specific objection.

Plaintiffs' specific objection is limited to the Report's recommendation regarding the attorney's fees.  An award of attorney's fees to the prevailing plan in this type of action is normal,  see 29 U.S.C.A. § 1132(g)(2)(D) (West 2009) (providing that the prevailing plan is entitled to "reasonable attorney's fees"), yet disallowance of attorney's fees is permissible if the application is inadequately supported.  See Plumbers Local No. 371 Joint Plumbing Indus. Bd. Pension Fund v. Frank Liquori Plumbing and Heating, Inc., No. 05 Civ. 2892, 1996 WL 445065, at *5 (E.D.N.Y. June 26, 1996).  The Report recommends denial of attorney's fees because Plaintiffs failed to provide in their inquest submission supporting data detailing the names, experience and qualifications of the individuals that performed the work for which they seek compensation.  (Report, 12-13.)

The Report's conclusion appears correct based on the information available to Judge Fox.  However, Plaintiffs have now provided the Court with the necessary information to assess the reasonableness of their attorney's fees request through the detailed factual proffers submitted in their objections.  Based on this submission, the Court concludes that the sum sought by Plaintiffs, $13,687.57, is reasonable and "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Blum v. Stevenson, 465 U.S. 886, 896 n.11 (1984).

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Fox's Report and

Recommendation in part and awards Plaintiffs, in their capacity as trustees of the Plans: (i)

$74,360.00, for unpaid contributions to the Plans, (ii) $10,746.17, for prejudgment interest on the

unpaid contributions, (iii) $10,746.17, for statutory damages, and (iv) $350.00, for costs. The

Court also awards Plaintiffs $13,687.57, for attorney's fees. The Clerk of Court is respectfully

requested to enter judgment accordingly and close this case.

SO ORDERED.

Dated:      New York, New York
            February 19, 2010

                                        LAURA TAYLOR SWAIN
                                        United States District Judge